FORT WORTH & RIO GRANDE RY. CO. v. MRS. CORA CASKEY ET AL.

Decided December 17, 1904.

**1.—Practice on Appeal—Conflict of Evidence.**

The case being one of conflicting evidence as to negligence on the part of the defendant and contributory negligence on the part of the deceased, a brakeman killed while coupling cars, the Appellate Court declines to disturb the verdict.

**2.—Railroads—Switching Crews Duty to Keep Lookout.**

It is the duty of each member of a switching crew, when engaged in switching cars, to keep a lookout for the safety of the other members as well as his own.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

*West, Chapman & West* and *Theodore Mack,* for appellant.

*R. L. Carlock* and *Odell & Phillips,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—George M. Caskey was crushed to death between two freight cars which he had undertaken to couple in appellant's yards at Dublin, Texas. He had just entered the service of appellant and was on his first trip out from Fort Worth, though he was a brakeman of long experience. After rolling out from between the cars he was heard to exclaim: "I have always been careful, but got killed at last." The track at the place of the accident had a north and south course and its inclination towards the south was such that loose cars had to be blocked to prevent them from rolling down the track. There were two strings or blocks of cars on the track, one to the north, consisting of six cars, which deceased had blocked a short time before the accident, and one to the south consisting of six or eight cars, with engine attached at south end. The accident undoubtedly was due to a collision between these two blocks of cars, but there was divergence and conflict in the evidence as to the manner and cause of the collision.

According to the testimony of the members of the switch crew, the south string of cars, on being pushed against the north string in an unsuccessful effort to make a coupling, knocked the north string a short distance up the track, and while deceased was working with the coupler at the north end of the south string, with his face towards the south, he was caught by the cars rolling down on him from the north. The court instructed the jury in effect that if they found deceased was killed in this way to find for the railway company. On the other hand, according to the testimony of Newt Crawford, who lived near the track and who claims to have seen and heard the fatal collision, which testimony was to some extent corroborated by that of Will Martin, a boy who happened to be looking on, deceased was working at the car coupler at the south end of the north string of cars with his back towards the south and his face towards the north when the cars to which the engine was attached were moved up at a "pretty swift" rate of speed and shoved against him without warning. The version given by these witnesses is not only at variance with the testimony of the switch crew but also with the declarations of deceased to the surgeon of appellant as given in the surgeon's testimony, though there was some conflict between the testimony of the surgeon and the widow of deceased as to said declarations. In this version, too, no account is given or explanation found of the unsuccessful attempt to make a coupling mentioned in the declarations of deceased as well as in the testimony of the rest of the switch crew. But as these conflicts and difficulties have been settled by the jury in favor of appellees, we do not feel warranted in disturbing the verdict, the case being one of conflicting evidence.

We therefore find that the collision which caused the death of George M. Caskey was due to the negligent manner, substantially as alleged, in which appellant's servants brought the cars together to be coupled.

We therefore also find that the evidence did not conclusively show that deceased was guilty of contributory negligence.

We think, too, the evidence raised the issue, and that therefore the court did not err, as assigned, in submitting it to the jury, of the negligence of brakeman Andrews for failing to keep a proper lookout for the safety of deceased when he gave the signal to back up, it being the duty of each member of the switch crew when switching is being done, as shown by his testimony, to look out for the safety of the other members as well as his own.

In other respects complaint is made of the charge and also of the court's refusal to give special charges, but after carefully reading the entire charge, the pleadings and the statement of facts, we find no merit in any of these complaints.

The judgment is therefore affirmed.

*Affirmed.*